IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**GERALD D. BOYD, et al.**                                                                 **PLAINTIFFS**

V.                                              CIVIL ACTION NO. 2:11-CV-118-KS-MTP

**SOUTHERN ENERGY HOMES, INC., et al.**                              **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

For the reasons stated below, the Court **grants** the Motion for Summary Judgment [78] filed by Defendant Farris Mobile Homes of Laurel, LLC.

### I. BACKGROUND

In March 2006, Plaintiffs purchased a mobile home from Defendant Pine Belt Home Center, LLC ("Pine Belt"). The mobile home was manufactured by Defendant Southern Energy Homes, Inc. ("Southern Energy"). Pine Belt contracted with Defendant Farris Mobile Homes of Laurel, LLC ("Farris") to deliver the mobile home and set it up, and Farris did so in March 2006.

Plaintiffs began experiencing problems with roof leaks as early as 2007.[1] They

---

[1]Plaintiffs alleged in their Complaint that they first experienced water intrusion problems in September 2008. Likewise, both Plaintiffs testified that they first experienced water intrusion problems in the fall of 2008, after Hurricane Gustav. However, Farris produced a service document [78-5] from Pine Belt dated September 2007. The document shows that Plaintiffs complained of a ceiling discoloration caused by a leak around the roof vent, and that Pine Belt sent employees to conduct repairs. Plaintiff Margaret Boyd signed the document, acknowledging that the work had been done. Plaintiffs have not disputed the authenticity of this document.

A party can not create a genuine dispute of material fact by contradicting their own prior statements. *See Crowe v. Henry*, 115 F.3d 294, 297 n. 5 (5th Cir. 1997); *Thurman v. Sears, Roebuck & Co.*, 952 F.2d 128, 136 n. 23 (5th Cir. 1992);

filed their Complaint on March 4, 2011, alleging claims of negligence, breach of contract, breach of an implied warranty of merchantability, breach of the implied duty of good faith and fair dealing, and violation of the Magnuson-Moss Warranty Act.[2]

Defendant Farris Mobile Homes of Laurel, LLC filed its Motion for Summary Judgment [78], which the Court now addresses.

## II. STANDARD OF REVIEW

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010). "Where the burden of production at trial ultimately rests on the nonmovant, the movant must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (punctuation omitted). The nonmovant "must come forward with specific facts showing that there is a genuine issue for trial." *Id.* (punctuation omitted). "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc.*, 627

---

*Sanchez v. Edwards*, 433 F. App'x 272, 276 (5th Cir. 2011). Accordingly, the Court will disregard Plaintiffs' testimony that they first noticed water intrusion problems in 2008.

The Court further notes that Plaintiffs did not address this issue in briefing. Rather, they argued that the six-year statute of limitations of Mississippi Code Section 15-1-41 should apply to this matter. Accordingly, the Court assumes that Plaintiffs concede that they first discovered the water intrusion in 2007, rather than 2008.

[2]15 U.S.C. §§ 2301-12.

F.3d at 138. "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Cuadra*, 626 F.3d at 812.

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009). When deciding whether a genuine fact issue exists, "the court must view the facts and the inference to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc.*, 627 F.3d at 138. However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002).

### III. DISCUSSION

#### A.   *Breach of Implied Warranty of Merchantability*

Plaintiffs conceded their claim for breach of the implied warranty of merchantability as it pertains to Farris. Therefore, the Court grants Farris's Motion for Summary Judgment [78] with respect to that claim.

#### B.   *Negligence*

In their Complaint, Plaintiffs allege that Farris was negligent in its installation/set-up of the mobile home. Farris argues that Plaintiffs' negligence claim is barred by the applicable statute of limitations. Negligence claims are subject to Mississippi's three-year, catch-all statute of limitations. *See* MISS. CODE ANN. § 15-1-49(1); *Hampton v. Gannett Co.*, 296 F. Supp. 2d 716, 723 (S.D. Miss. 2003); *CitiFinancial Mortg. Co. v. Washington*, 967 So. 2d 16, 19 (Miss. 2007); *Whitten v.*

3

*Whitten*, 956 So. 2d 1093, 1095 (Miss. Ct. App. 2007).

Plaintiffs argue that the Court should apply the six-year statute of limitations in Mississippi Code Section 15-1-41, which provides:

> No action may be brought to recover damages for injury to property, real or personal, or for an injury to the person, arising out of any deficiency in the design, planning, supervision or observation of construction, or construction of an improvement to real property . . . more than six (6) years after the written acceptance or actual occupancy or use, whichever occurs first, of such improvement by the owner thereof.

MISS. CODE ANN. § 15-1-41. The Mississippi Supreme Court has held that this statute applies to "architects, contractors and certain other professionals who are engaged in the real estate construction business . . . ." *McIntyre v. Farrel Corp.*, 680 So. 2d 858, 858 (Miss. 1996). Plaintiffs contend that Farris's delivery and installation/set-up of the mobile home constitutes "construction" and an "improvement to real property," as contemplated by Section 15-1-41. However, Plaintiffs have not cited any Mississippi law in support of this proposition.

This Court has previously held that mobile homes – at least at the time of sale – are considered "goods" and, therefore, regulated by Mississippi's Uniform Commercial Code. *Babishkan v. S. Homes/S. Lifestyles*, No. 1:05-CV-08, 2006 U.S. Dist. LEXIS 67827, at *9 (S.D. Miss. Sept. 20, 2006); *Touchstone v. Starr Manufactured Homes*, No. 1:04-CV-886, 2006 U.S. Dist. LEXIS 54963, at *6 (S.D. Miss. Aug. 3, 2006). Likewise, the Mississippi Supreme Court has applied the UCC, which governs transactions in goods,[3] to warranty claims stemming from the sale of a mobile home.

---

[3]MISS. CODE ANN. § 75-1-102 (2012).

*Guerdon Indus., Inc. v. Gentry*, 531 So. 2d 1202, 1206 (Miss. 1988). Furthermore, the UCC defines "goods" as "all things (including specially manufactured goods) which are movable at the time of identification to the contract for sale" – a definition which encompasses mobile homes. MISS. CODE ANN. § 75-2-105(1).[4]

Section 15-1-41 was intended to apply to "certain . . . professionals in the real estate construction business . . . ." *McIntyre*, 680 So. 2d at 858. Mobile homes are considered "goods" – rather than real property – under Mississippi law. Therefore, Section 15-1-41 is inapplicable to this case. Accordingly, the three-year statute of limitations in Section 15-1-49 applies.

Plaintiffs claim that Farris negligently installed/set-up the mobile home in 2006, and Plaintiffs first noticed water leaking from their ceiling in 2007. Plaintiffs did not file their Complaint until March 4, 2011. Therefore, regardless of whether Plaintiffs' negligence claim accrued on the date of breach or on the date they discovered the alleged injury, it is barred by the applicable statute of limitations. Accordingly, the Court grants Farris's Motion for Summary Judgment with respect to Plaintiffs' negligence claim.

---

[4]Plaintiffs may argue that the six-year statute of limitations contained in Mississippi Code Section 75-2-725 applies to its breach of contract claim against Farris. However, that statute applies to actions for breach of a contract of sale. *See* MISS. CODE ANN. § 75-2-725(1). Plaintiffs contend that they are third-party beneficiaries of the service contract between Farris and Pine Belt. The UCC governs "transactions in goods," rather than services. *See Peavey Elecs. Corp. v. Baan U.S.A., Inc.*, 10 So. 3d 945, 960-61 (Miss. Ct. App. 2009) (Section 75-2-725 did not apply to services agreement because the UCC governs transactions in goods). Accordingly, Section 75-2-725 is inapplicable.

### C. Breach of Contract

Plaintiffs alleged in the Complaint that Farris breached its contract with Plaintiffs by failing to properly install the mobile home. However, it is undisputed that Plaintiffs did not enter into a contract with Farris. Rather, Defendant Pine Belt Home Center, LLC ("Pine Belt") hired Farris to deliver and install Plaintiffs' mobile home. Plaintiffs argue, though, that they are third-party beneficiaries of the contract between Farris and Pine Belt. For purposes of addressing Farris's Motion for Summary Judgment, the Court will assume that Plaintiffs were third-party beneficiaries of the contract.

Claims for the breach of a written contract are subject to a three-year statute of limitations in Mississippi. *Levens v. Campbell*, 733 So. 2d 753, 758 (Miss. 1999). Plaintiffs claim that Farris breached the contract by improperly installing the mobile home in 2006, and Plaintiffs first noticed water leaking from their ceiling in 2007. Plaintiffs did not file their Complaint until March 4, 2011. Therefore, regardless of whether Plaintiffs' breach of contract claim accrued on the date of breach or on the date they discovered the leaking, it is barred by the applicable statute of limitations. Accordingly, the Court grants Farris's Motion for Summary Judgment with respect to Plaintiffs' breach of contract claim.

### D. Duty of Good Faith and Fair Dealing

The three-year statute of limitations contained in Mississippi Code Section 15-1-49 applies to claims for breach of the implied covenant of good faith and fair dealing. *Fletcher v. Lyles*, 999 So. 2d 1271, 1276 (Miss. 2009); *CitiFinancial*, 967 So. 2d at 19.

Therefore, Plaintiffs' claim for breach of the duty of good faith and fair dealing is barred by the applicable statute of limitations for the same reasons stated above. Accordingly, the Court grants Farris's Motion for Summary Judgment with respect to Plaintiffs' claim for breach of the duty of good faith and fair dealing.

### E.     *Magnuson-Moss Warranty Act*

Plaintiffs conceded their claim under the Magnuson-Moss Warranty Act as it pertains to Farris. Therefore, the Court grants Farris's Motion for Summary Judgment [78] with respect to that claim.

### IV. CONCLUSION

For the reasons stated above, the Court **grants** the Motion for Summary Judgment [78] filed by Defendant Farris Mobile Homes of Laurel, LLC. Accordingly, Farris's Motion to Exclude [80] the testimony of Plaintiffs' expert, Dr. Donald Dennis, and Motion to Strike [95] the affidavit of Margaret Boyd, are **moot**.

SO ORDERED AND ADJUDGED this, the 26th day of April, 2012.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE