# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

**GERALD D. BOYD and MARGARETT BOYD**            **PLAINTIFFS**

**v.**            **CIVIL ACTION NO. 2:11cv118-KS-MTP**

**SOUTHERN ENERGY HOMES, INC., et al.**            **DEFENDANTS**

## ORDER

Presently before the Court is Plaintiffs' [97] Motion for Additional Time Within Which to Designate Medical Experts. Defendant Southern Energy Homes, Inc. ("Defendant") has responded [103] [104] in opposition to the motion.[1] For the reasons discussed below, the [97] motion will be granted in part.

The [23] Case Management Order established December 10, 2011 as the expert designation deadline for Plaintiffs. Plaintiffs designated their expert on December 12, 2011. *See* docket entry [53].

Defendant filed a [74] Motion to Exclude Opinion Testimony of Plaintiffs' Medical Expert. The motion was based on *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U. S. 579 (1993). In conjunction with their [89] response, Plaintiffs filed a [88] Stipulation of Withdrawal of Designation of Expert. These actions rendered moot the motion to exclude. *See* docket entry [99].[2]

---

[1] Defendant's response is couched in terms of alternatively requesting, in the event Plaintiffs' [97] motion is granted, an amendment to the scheduling order. This request is not separately docketed as a motion.

[2] *See also* docket entries [80] [81] (*Daubert* motion by defendant Farris Mobile Homes of Laurel, LLC); [90] (Plaintiffs' response to said motion). Defendant Farris Mobile Homes's Motion for Summary Judgment was granted by Memorandum Opinion and Order dated April 26,

The Fifth Circuit typically addresses the late designation of experts in the context of a violation of a scheduling order deadline. *See, e.g., Betzel v. State Farm Lloyds*, 480 F.3d 704 (5th Cir. 2007); *Hamburger v. State Farm Mutual Automobile Insurance Co.*, 361 F.3d 875 (5th Cir. 2004); *Geiserman v. MacDonald*, 893 F.2d 787 (5th Cir. 1990). *Geiserman* discusses the factors to be used in excluding evidence not properly designated: "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." 893 F.2d at 791.[3]

Plaintiffs and Defendant acknowledge this Court's broad discretion in discovery and case management matters. Plaintiffs, who substantially complied with the initial deadline for designating experts, do not cite any legal authority in their motion or memorandum, but rely on fundamental fairness in support of their request for relief. Their argument is basically that the medical expert they retained was less than candid about his prior litigation history in which he had been disqualified as an expert, and they should be able to offer expert medical opinion to support causation between their medical condition and mold inside their mobile home. Defendant counters this by asserting that its *Daubert* motion was not grounded on the medical expert's prior disqualification, but on the absence of scientific basis and faulty methodology, thereby making the opinions unreliable and inadmissible.

---

2012, *see* docket entry [102], thereby rendering moot its own [80] motion to exclude. Defendant did not file a dispositive motion within the period for doing so.

[3]Defendant addresses these same factors, citing *S & W Enterprises v. SouthTrust Bank of Alabama*, 315 F.3d 533 (5th Cir. 2003), which involved a motion to amend pleadings after the scheduling order deadline. *S & W Enterprises* adopted the same test for amended pleadings as applied in the "context of allowing untimely submission of expert reports, . . .". *Id.* at 535 (citing *Geiserman v. MacDonald*).

Notwithstanding that Plaintiffs filed their initial expert designation two days after the deadline established by the [23] Case Management Order, the Court observes that Defendant filed its own designation [71] almost two months after its deadline.[4] While Defendant criticizes Plaintiffs' explanation for the instant request, the fact remains that Plaintiffs' desire to designate another medical expert was a direct result of the respective *Daubert* motions. Plaintiffs are presently left without a medical expert which is important to an element of their claim for damages.[5]

Moreover, it follows that Defendant did not rely on a failure to timely designate experts by not designating their own; indeed, Defendant has designated its own medical expert and used his opinion in support of its *Daubert* motion. Defendant's detailed discussion that it is futile to allow Plaintiffs another medical expert designation establishes that it will not suffer prejudice, and it will certainly be permitted to file a *Daubert* motion to exclude the expert if designated. *See Betzel*, 480 F.3d at 708-09 ("What prejudice remains could have been cured with a continuance; that is the fourth factor. Indeed, we have repeatedly emphasized that a continuance is the preferred means of dealing with a party's attempt to designate a witness out of time. A continuance would have given [Defendant] an opportunity to depose [the] expert witnesses, to file *Daubert* challenges, and to designate experts for rebuttal.") (internal quotations and footnote

---

[4]The Court will not belabor discussing the parties' "informal agreements" about discovery and expert designation deadlines. It is sufficient to point out that "Rule 16(b) of the Federal Rules of Civil Procedure authorizes the *district court* to control and expedite pretrial discovery through a scheduling order." *Geiserman*, 893 F.2d at 790 (emphasis added). The parties are reminded that their "informal agreements" are made at their own risk and are not binding on the Court.

[5]The Court offers no opinion on the ultimate issue of causation.

omitted).[6] Defendant's alternative suggestion that the Court should "further amend the case management order allowing . . . additional time within which to designate an expert in response, and allowing it time to file a motion to exclude the plaintiffs' medical expert testimony" also weighs against a finding of prejudice to it.

As Defendant points out, Plaintiffs' motion refers to medical expert*s*.  However, they have identified only one potential medical expert, Dr. Dennis Occhipinti, who practices in Mandeville, Louisiana.  The Court emphasizes that the relief granted herein is limited solely to whether Plaintiffs decide to designate Dr. Occhipinti.

**IT IS, THEREFORE, ORDERED:**

Plaintiffs' [97] Motion for Additional Time Within Which to Designate Experts is **GRANTED IN PART** and **DENIED IN PART**.  In the event Plaintiffs determine to designate Dr. Dennis Occhipinti as a medical expert, they shall do so by no later than May 21, 2012.  If Plaintiffs designate Dr. Occhipinti as a medical expert, Defendant may designate a rebuttal expert by no later than June 20, 2012.

Defendant has suggested that granting the motion may require the Court to set a deadline for filing another *Daubert* motion or possibly resetting the trial.  In the event Plaintiffs timely designate the expert, the Court can consider such a request upon an appropriate motion.

In the event Plaintiffs' motion seeks other relief, it is denied.

**SO ORDERED** this the 7th day of May, 2012.

s/ Michael T. Parker
United States Magistrate Judge

---

[6]The cited cases do not discuss futility as a factor, and Defendant does not offer legal authority for its futility proposition.